IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| WANDA CRUSE, | ) | **FOR PUBLICATION** |
| Plaintiff/Appellee, | ) | **Filed: May 6, 1996** |
| | ) | |
| v. | ) | Maury Circuit |
| | ) | |
| CITY OF COLUMBIA, as a | ) | Hon. Joe C. Loser, Judge |
| political subdivision of the | ) | |
| State of Tennessee, | ) | No. 01S01-9508-CV-00132 |
| | ) | |
| Defendant/Appellant. | ) | |

**FILED**

May 6, 1996

Cecil W. Crowson
Appellate Court Clerk

For Appellee:

Wm. Kennerly Burger
Murfreesboro, TN

For Appellant:

Overton Thompson, III
Stephen H. Price
FARRIS, WARFIELD & KANADY
Nashville, TN

**O P I N I O N**

COURT OF APPEALS AFFIRMED                                        WHITE, J.

In this property confiscation case, the Court must decide whether a direct appeal was timely and whether the Governmental Tort Liability Act's[1] twelve-month statute of limitations set forth in Tennessee Code Annotated Section 29-20-305(b) applies to bar plaintiff's claim for damage to and loss of personal property seized by police officers employed by defendant, the City of Columbia. For the reasons explained below, we hold that the appeal was timely and that plaintiff's claim is controlled by the three-year statute of limitations contained in Tennessee Code Annotated Section 28-3-105 and is, therefore, not barred.

I.

Before addressing the merits, we must determine whether this appeal can proceed. The final disposition from which plaintiff sought a direct appeal to the Tennessee Court of Appeals was a "Memorandum and Judgment" granting defendant's motion to dismiss. Plaintiff filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure on August 8, 1994. This document, marked filed by the court on that date, was initially received by facsimile, although nothing in the record other than counsel's statement so indicates. The record contains one copy of the notice of appeal marked filed on August 8th and a second copy marked filed on August 10, 1994. Plaintiff's counsel practiced primarily in a neighboring judicial district in which a pilot program allowing facsimile transmissions was in effect. Defendant argues quite validly, however, that our rules do not universally sanction facsimile

_____

[1]The Governmental Tort Liability Act is codified at Tennessee Code Annotated Section 29-20-101 S -407.

2

transmissions.  Consequently, defendant contends that plaintiff's appeal as of right should have been dismissed as untimely.

We disagree.  Rule 3 of the Tennessee Rules of Appellate Procedure sets forth the method for filing an appeal as of right.  It requires the "timely filing [of] a notice of appeal with the clerk of the trial court as provided in Rule 4 and by service of the notice of appeal as provided in Rule 5." Tenn. R. App. P. 3(e).  It further specifies the contents of the notice which includes "the party or parties taking the appeal, . . . the judgment from which relief is sought, and . . . the court to which the appeal is taken." Id. at (f).  Rule 4 of the Tennessee Rules of Appellate Procedure likewise requires that the notice of appeal be "filed with and received by the clerk of the trial court . . . ." Tenn. R. App. P. 4(a).  Rule 20 of the appellate rules and Rule 5 of the civil procedure rules define filing with the court as "filing" or "receipt." Tenn. R. App. P. 20(a); Tenn. R. Civ. P. 5.06.  Other than describing the method for filing by mail, none of the rules more specifically describe the act of "filing."

The filing and content requirements of a notice of appeal fulfill two purposes.  First, the notice of appeal, filed with the trial court clerk and served on opposing counsel, advises the court and opposing counsel that an appeal has been taken.  Secondly, designation of the judgment appealed from and the court appealed to clearly describes the matter on appeal.  In this case there is no question that both the court and the opposing party were advised that an appeal had been taken.  The notice

3

of appeal was received and filed within the requisite time period by the clerk of the court. It included a certificate of service on opposing counsel. Additionally, there is no question that the notice of appeal contained the necessary elements. It noted the judgment appealed from and the court appealed to. The only issue is whether the method of filing should void the appeal in this case. We agree with the Court of Appeals that it should not.

Our determination to allow the appeal in this case to stand is prompted by Rule 1 of the Tennessee Rules of Appellate Procedure and the specific circumstances of this case. Rule 1 cautions that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding **on its merits**." Tenn. R. App. P. 1 (emphasis added). We agree with the Court of Appeals that plaintiff's notice of appeal that was sent by facsimile was received and filed by the trial court within the time allowed by the rules. Further, the opposing party was given appropriate notice. Neither the court nor the opposing party suffered any prejudice as a result of the facsimile filing.

Additionally, we allow the appeal to proceed because of the substantial compliance with the rules as well as the lack of prejudice in this case. This decision does not sanction the use of facsimile filing in future cases. Although, as plaintiff suggests, the legislature has expressed its intention that facsimile transmissions be accepted, Tenn. Code Ann. § 16-1-113 (1994 Repl.), and although we have implemented a pilot program to

4

study the use of facsimile transmissions, counsel should not rely on facsimile transmissions for the filing of documents in the future. We affirm the Court of Appeals' decision to allow this appeal to stand because of the unique circumstances presented and based on the facts of this case only.[2]

## II.

The facts in this case are not disputed. On December 10, 1991, City of Columbia police officers searched plaintiff's home and vehicle. The officers seized approximately 365 items of personal property believed to have been stolen in several burglaries. The items, seized pursuant to a search warrant, included jewelry, cameras, televisions, stereo equipment, ammunition, weapons, and coins. Plaintiff was arrested and indicted for possession of stolen property.

After plaintiff's arrest, the officers contacted persons who had filed reports of stolen property matching that seized from plaintiff. The officers then delivered approximately 150 items of the seized property to those persons believed to be the lawful owners.

On May 5, 1992, the criminal charges against plaintiff were dismissed because of a defect in the preparation of the search warrant

---

[2]Counsel should be specifically aware that facsimile service is not allowed for the service of pleadings and other documents on parties to a lawsuit. Tenn. R. Civ. P. 5.02. Service methods for pleadings and other documents are specifically defined by the rule. Additionally, the Advisory Commission Comments to Rule 5.02 declare that "Rule 5.02 does not permit service by facsimile ('fax') transmission."

which prevented the use of the seized evidence against her.  On September 18, the officers returned the remaining property to plaintiff.

On February 23, 1994, plaintiff filed suit against the City of Columbia based on provisions of Tennessee Code Annotated Section 40-17-118, which provides in part:

> Confiscated stolen property. - (a) Personal property confiscated as stolen property by a lawful officer of the state, a county or a municipality of the state to be held as evidence of a crime shall be promptly appraised, catalogued and photographed by the law enforcement agency retaining custody of the property.
>
> . . .
>
> **(c) The state, county and/or municipal authority holding the property shall be responsible for the return of the property to the lawful owner and shall be liable in damages to the owner of the property in the event of damage or destruction occasioned by the delay in the return of the property.**

Tenn. Code Ann. § 40-17-118(a), (c)(1990 Repl.)(emphasis added). Relying upon this statute, plaintiff alleged in her complaint that the confiscated items were not stolen, and that some of the items were not returned, while others were returned in a damaged condition.  Plaintiff sought damages for the damaged and lost property.[3]

On March 23, 1994, defendant filed a motion under Rule 12.02(6) of the Tennessee Rules of Civil Procedure to dismiss the

_____

[3]Plaintiff also filed suit against the City of Columbia and various police officers in the United States District Court for the Middle District of Tennessee alleging civil rights violations under 42 U.S.C. § 1983.

complaint for failure to state a claim upon which relief could be granted. Defendant's motion also contended that plaintiff's suit was barred by the twelve-month statute of limitations contained in the Government Tort Liability Act (hereafter GTLA). Tenn. Code Ann. § 29-20-305(b)(1995 Supp.)(suits brought under the GTLA "must be commenced within twelve (12) months after the cause of action arises."). The trial court found that the suit was untimely and dismissed the case. The Court of Appeals reversed, holding that the governing statute of limitations was the three-year statute applicable to injuries to or for detention, or conversion of personal property contained in Tennessee Code Annotated Section 28-3-105,[4] not the GTLA's twelve-month statute of limitations. Tenn. Code Ann. § 29-20-305(b)(1995 Supp.). The Court of Appeals reasoned that

> [a] clear reading of [Tennessee Code Annotated Section 40-17-118] removes immunity of governmental entities for liability for damage to property taken under the circumstances set forth therein. As can be clearly seen, § 40-17-119 contains no limitation period. Under the circumstances, we hold that the three year statute of limitations set forth in T.C.A. § 28-3-105(1) applies.

Hence, the Court of Appeals found that plaintiff's suit filed on February 23, 1994 was timely because it was filed within three years of September 18, 1992, the date the property taken from plaintiff's home was returned to her. We granted this appeal to determine which limitation period controls.

---

[4]This section provides: "The following actions shall be commenced within three (3) years from the accruing of the cause of action:
  (1) Actions for injuries to personal or real property;
  (2) Actions for the detention or conversion of personal property . . . ."

Tenn. Code Ann. § 28-3-105(1), (2)(1995 Supp.).

II.

Defendant contends that the GTLA's twelve-month statute of limitations controls because plaintiff's complaint is essentially a tort claim filed against a municipality which must be brought pursuant to the GTLA. See Simpson v. Sumner County, 669 S.W.2d 657, 660 (Tenn. Ct. App. 1983), perm. to appeal denied, (Tenn. 1984)(observing that the language and legislative history of the GTLA make it clear that the act applies to claims sounding in tort brought against governmental entities).  In response, plaintiff asserts that the three-year statute of limitations in Tennessee Code Annotated Section 28-3-105 controls because suit was brought pursuant to the specific remedy provisions of Tennessee Code Annotated Section 40-17-118, not under the provisions of the GTLA. Since that statute contains no limitation period, the general limitation period applying to property loss or damage applies.

Prior to the 1973 enactment of the GTLA, the sovereign immunity doctrine protected the state and its political subdivisions from tort liability.  Kirby v. Macon County, 892 S.W.2d 403, 406 (Tenn. 1994). The doctrine, which has been a part of Tennessee law for well over a century, see Memphis v. Kimbrough, 59 Tenn. 133 (1873); State v. Bank of Tenn., 62 Tenn. 395 (1874), provides that suit may not be brought against a governmental entity except to the extent that the governmental entity has consented to be sued.  Bailey v. City of Knoxville, 113 F.Supp. 3, 6 (E.D. Tenn. 1953).  The longstanding rule in this state has been that governmental entities may prescribe the terms and conditions under which

they consent to be sued, see Moore v. Tate, 11 S.W. 935, 939 (Tenn. 1889), including when, in what forum, and in what manner suit may be brought. See Lynn v. Polk, 76 Tenn. 121, 139 (1881).

The rule of immunity was "deeply rooted in feudal notions of the divine right of kings. In feudal England the King was at the very pinnacle of the power structure and was answerable to no court since 'the King can do no wrong.' " Cooper v. Rutherford County, 531 S.W.2d 783, 786 (Tenn. 1975)(Henry, J., dissenting).[5] See also Webb v. Blount Mem. Hosp., 196 F.Supp. 114, 116 (E.D. Tenn. 1961), aff'd, 303 F.2d 437 (6th Cir. 1962); Simpson v. Sumner County, 669 S.W.2d at 659; W. Keeton, Prosser and Keeton on the Law of Torts, § 131 (5th ed. 1984). However, despite the established history of sovereign immunity, our legislature has always had the authority to waive its protections. This authority is found in Tennessee's Constitution which provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. Art. I, § 17.

When other states began limiting or abolishing sovereign immunity either by statute or judicial decision, Tennessee's legislature followed the trend. In explaining the GTLA bill to the Tennessee House

---

[5]The proposition that the sovereign could do no wrong - the basis for sovereign immunity - has not always been warmly embraced. Justice Henry of this Court once observed that "[g]overnmental immunity is a cankered, corroded and corrupted area of our law. It is the flaming sword used by cities and counties in Tennessee to banish the innocent victims of their wrongs and deny them their traditional day in court. It has become the hallmark of governmental irresponsibility - the defense by which governmental entities stoop to conquer their own citizens." Cooper v. Rutherford County, 531 S.W.2d 783, 785 (Tenn. 1975).

of Representatives, one of the members of that body stated:

> [I]n 1957 three states made some move to abolish or alter the governmental immunity as it applies to governmental entities within those states.  By 1970, some 25 states [had] taken affirmative action to abolish or restrict the **defense of governmental immunity in tort actions** brought against public agencies.  In those states that have abolished or altered governmental immunities the results have been achieved in three different ways.  The first and probably the most disruptive method of **limited tort liability or tort immunity** has come about by court decisions which have held the doctrine to be inapplicable.  These decisions have led to a quagmire of problems and [have] generally thrown both the claimants and the governmental bodies into confusion and chaos.  The second method . . . has been in those states where the legislatures [have] passed acts which prohibit the use of governmental immunities as a **tort defense** . . . .  The third method, which is what this bill will do, is the one which **limits governmental tort immunity**, but at the same time provides procedures and standards to protect  the public interest.

House Debate on Limited Removal of Governmental Tort Liability Act, May 2, 1973 (quoted in Simpson v. Sumner County, 669 S.W.2d at 659-60)(emphasis in original).  Thus, the GTLA was passed in 1973 in an attempt to avoid some of the confusion experienced by other states that had waived immunity by judicial decisions.  Chapman v. Sullivan County, 608 S.W.2d 580, 582 (Tenn. 1980).

The GTLA was an "act of grace through which the legislature provided general immunity from tort liability to all governmental entities removing it, however, in limited and specified instances."  Kirby v. Macon County, 892 S.W.2d at 406.  This "general immunity" is codified in

Tennessee Code Annotated Section 29-20-201(a), which provides that "[e]xcept as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions . . . ." Tenn. Code Ann. § 29-20-201(a)(1995 Supp.). Immunity is then waived in limited and enumerated instances for certain injuries. See e.g., Tenn. Code Ann. § 29-20-202(a)(1980 Repl.)(immunity removed for injuries resulting from the negligent operation of a motor vehicle or other equipment by an employee in the scope of employment); Tenn. Code Ann. § 29-20-203(a)(1995 Supp.)(immunity removed for injuries caused by a defective, unsafe, or dangerous condition on a public roadway or sidewalk); Tenn. Code Ann. § 29-20-204(a)(1980 Repl.)(immunity removed for injuries caused by dangerous or defective conditions associated with public structures or improvements); & Tenn. Code Ann. § 29-20-205 (1980 Repl.)(immunity removed for injuries caused by the negligence of governmental employees with certain exceptions).

It is true, as defendant argues, that the GTLA provides a comprehensive scheme for tort actions against governmental entities. See Chapman v. Sullivan County, 608 S.W.2d at 582. Nonetheless, "if a specific or special statute provides for a remedy and waiver of immunity for injuries that are expressly excluded from the operation of the GTLA, then those remedies would not be affected by the GTLA . . . ." Jenkins v. Loudon County, 736 S.W.2d 603, 608 (Tenn. 1987). It follows that the

GTLA does not encompass every tortious act by a governmental entity. In fact, the GTLA "leaves significant areas of activities either protected by immunity or subject to independent bodies of law." Id. at 609. See also Simpson v. Sumner County, 669 S.W.2d at 660-62 (GTLA does not cover contract disputes with governmental entities).

By its own terms, Tennessee Code Annotated Section 40-17-118 creates a separate cause of action against governmental entities for the return of confiscated property and for damages in the event of damage or destruction to the property. The statute does not condition recovery on proof of negligence on the part of the governmental entity. Thus, while an aggrieved property owner may, in certain limited circumstances, proceed under the GTLA if the government employees have negligently caused injury, Tenn. Code Ann. § 29-20-205 (1980 Repl.), a property owner whose property is confiscated may seek relief under Section 40-17-118 regardless of how the damage or destruction occurred. The two provisions are not mutually exclusive. They exist independent of one another. See Jenkins v. Loudon Co., 736 S.W.2d at 607-09. This conclusion is apparent from the text of the two statutes, is consistent with traditional rules of statutory construction, Sutherland on Statutory Construction, § 23.10 (Sands 5th ed. 1993), and is bolstered by the fact that the confiscated property statute and the GTLA were enacted the same year. Had the General Assembly intended the latter to absorb the former, it would simply have included the action as an enumerated exception to immunity under the GTLA.

The GTLA itself provides that a twelve-month limitation period applies "in those circumstances where immunity from suit has been removed as provided for **in this chapter**." Tenn. Code Ann. § 29-20-305(a)(1995 Supp.)(emphasis added). Plaintiff's complaint seeks damages not under the GTLA but pursuant to Tennessee Code Annotated Section 40-17-118. Her complaint specifically references that statute and does not mention any of the provisions of the GTLA. Because the defendant's immunity from suit has been removed by a statute independent of the GTLA and plaintiff's suit is based on that independent statute, we conclude that the statute of limitations provided in the GTLA for circumstances in which immunity "has been removed as provided for in [that] chapter" does not apply. Since the statute upon which plaintiff bases her cause of action does not contain a limitation period, the applicable time period is that set forth in Title 28, Chapter 3. Tenn. Code Ann. § 28-3-101 (1980 Repl.)("All civil actions . . . shall be commenced after the cause of action has accrued, within the periods prescribed in this chapter **unless otherwise expressly provided**.")(emphasis added). That applicable time period for causes of action for injuries to, detention of, or conversion of personal property is three years as set forth in Tennessee Code Annotated Section 28-3-105. Accordingly, we affirm the judgment of the Court of Appeals setting aside the dismissal of the case and remand to the trial court for further proceedings. Costs shall be paid by defendant.

_____
Penny J. White, Justice

13

CONCUR:

Anderson, C.J.
Drowota, Reid, Birch, J.J.