# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 2, 2011 Session

## DAVID G. YOUNG, ET AL. v. CITY OF LAFOLLETTE

**Appeal from the Chancery Court for Campbell County**
**No. 09-103      Billy Joe White, Chancellor**

---

**No. E2010-00653-COA-R3-CV - FILED - MAY 20, 2011**

---

This case stems from the suspension and later termination of David G. Young ("Young") from his position as City Administrator for the City of LaFollette ("LaFollette"). Young filed a petition for writ of certiorari in the Chancery Court of Campbell County ("the Trial Court"). The Trial Court ruled in favor of Young and annulled the LaFollette proceedings that resulted in Young's suspension and termination. The Trial Court also awarded Young, as the prevailing party, certain discretionary costs. LaFollette appeals. We hold that LaFollette did not act fraudulently, illegally, or arbitrarily in its termination of Young's employment. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Emily A. Cleveland and Jon G. Roach, Knoxville, Tennessee, for the appellant, the City of LaFollette.

David H. Dunaway, LaFollette, Tennessee, for the appellee, David G. Young, individually and as City Administrator for the City of LaFollette.

# OPINION

## Background

Young was appointed City Administrator by LaFollette's City Council. In 2009, City Clerk Lynda White ("White") submitted a grievance concerning Young's alleged conduct to LaFollette's Mayor and City Council. White's allegations took the form of four categories: 1) concerns that she would be physically harmed by Young based in part on an incident whereby he "rose to his feet and towered over" her; 2) sexual harassment by Young in the form of certain sexual remarks and insinuations made to White, sometimes in the presence of others; 3) verbal and non-verbal aggression by Young; and 4) being required to work extra hours for which she was not compensated.

LaFollette, after consulting its City Attorney and the District Attorney, chose Fire Chief Gary Byrd as the investigator for the White grievance. Having known both Young and White for many years, Byrd recused himself and delegated the investigation to Ernie Hill, another LaFollette employee. Hill interviewed witnesses and later submitted the collected information to the LaFollette City Council. Young submitted a written response concerning the White grievance directly to the LaFollette City Council.

On August 4, 2009, the Lafollette City Council took up the White grievance. Council members reviewed White's grievance and questioned her. Young and his attorney were present and made statements. No cross examination was permitted. Hill answered questions regarding his investigation. The City Council voted 3-2 to suspend Young pending further factual review. Young subsequently filed a Petition for Writ of Certiorari in the Trial Court seeking review of his suspension by LaFollette. On September 1, 2009, the LaFollette City Council voted 3-2 to terminate Young's employment. Young filed an Amended Petition for Writ of Certiorari in the Trial Court following his termination.

After a hearing, the Trial Court entered an order on February 22, 2010, finding and holding[1]:

> 1. That the actions of the Respondent, City of LaFollette, on August 4, 2009 and September 1, 2009 are null and void as to the Petitioner, David G. Young.

> 2. The Court finds that the Petitioner, David G.

---

[1]We have omitted portions of the order that, while visible, are marked through and accompanied by what apparently are the Chancellor's signed initials.

Young, at all times mentioned herein was an employee of the City of LaFollette, and that the Petitioner had certain property rights in expected continued employment, and that the proceedings held by the Respondent, the City of LaFollette, were ultra vires inasmuch as the Respondent, City of LaFollette, did not follow its own established procedures and regulations for the handling of grievances, and the discipline that was given to the Petitioner, David G. Young.

\* \* \*

4.      The Court further finds that there was not adequate cause to terminate the Petitioner, David G. Young, from his position as City Administrator, and specifically finds that there was insufficient evidence of alleged sexual harassment, nor was there any other cause to justify termination of the Petitioner, David G. Young.

5.      The Court further finds that by conducting a hearing or judicial tribunal and allowing witnesses to testify against the Petitioner in support of a grievance filed by the City Recorder, Lynda White, that the City of LaFollette was otherwise required to comply with its own established procedures, as well as due process under the U.S. and Tennessee Constitutions.

6.      The Court finds that the Petitioner, David G. Young, has met the requisites, standards, and requirements for this Court having granted a Writ of Certiorari.

\* \* \*

8.      That this Court has exercised its supervisory jurisdiction on the basis of a Writ of Certiorari, and has restricted its examination into the external validity of the proceedings held on August 4, 2009 and September 1, 2009 by the Respondent, City of LaFollette.

9.      That after reviewing the entire records of the proceedings held by the Respondent, City of LaFollette, the

Court finds that the statements made in the Petition for Certiorari are taken as true, and that the Respondent, City of LaFollette through its actions taken on August 4, 2009 and September 1, 2009 acted illegally, arbitrarily, and without sufficient material evidence to warrant any discipline against the Petitioner, David G. Young.

10.    The Court further finds that there is no other adequate remedy at law for the Petitioner, David G. Young, and that there was good cause for granting the Writ of Certiorari issued by the Court in this cause.

It is therefore ORDERED, ADJUDGED AND DECREED that the proceedings conducted by the Respondent, City of LaFollette on August 4, 2009 and September 1, 2009 as they pertain to the Petitioner, David G. Young, are annulled....

On March 16, 2010, after another hearing, the Trial Court entered an order awarding certain discretionary costs to Young. LaFollette appeals. We reverse.

### Discussion

Though not stated exactly as such, LaFollette raises one overall issue on appeal: whether the Trial Court erred when it granted Young's Petition for Writ of Certiorari after finding and holding that LaFollette acted illegally, arbitrarily and without sufficient material evidence when it suspended Young and later fired him.

Our Supreme Court has articulated the standard of review in common law writ of certiorari cases such as this one:

"In such actions the reviewing court is limited to inquiry as to whether the administrative agency acted fraudulently, illegally or arbitrarily. *Hoover Motor Express Company v. Railroad and Public Utilities Commission*, 195 Tenn. 593, 261 S.W.2d 233 (1953).

\*\*\*

Under the common law writ of certiorari, questions of law only will be reviewed by the courts. An action of an

-4-

administrative agency which is not supported by any evidence is arbitrary and void and may be quashed on common law writ of certiorari. Whether or not there is any material evidence to support the action of the agency is a question of law to be decided by the reviewing court upon an examination of the evidence introduced before the agency. Any additional evidence offered to the reviewing court is limited to the question of whether the agency exceeded its jurisdiction or acted fraudulently, illegally or arbitrarily. *Hoover Motor Express Co., Inc. v. Railroad & Public Utilities Commission*, 195 Tenn. 593, 261 S.W.2d 233 (1953). *People's Bank of Van Leer v. Bryan*, 55 Tenn.App. 166, 397 S.W.2d 400 [401]; *Bayside Warehouse Co. v. Memphis*, 63 Tenn.App. 268, 470 S.W.2d 375; *Brown v. Tenn. Real Estate Comm.*, Tenn.App. 1972, 494 S.W.2d 506, cert. den. 414 U.S. 877, 94 S.Ct. 54, 38 L.Ed.2d 122."

In the trial court, under the common law writ, reversal or modification of the action of the Civil Service Board may be had only when the trial court finds that the Board has acted in violation of constitutional or statutory provisions or in excess of its own statutory authority; has followed unlawful procedure or been guilty of arbitrary or capricious action; or has acted without material evidence to support its decision. The trial court does not weigh the evidence. The scope of review by the appellate courts is no broader or more comprehensive than that of the trial court with respect to evidence presented before the Board.

*Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980).

Review on a common law writ of certiorari is very narrow, and we will not inquire into the intrinsic correctness of LaFollette's decisions. As we have stated:

Tennessee Code Annotated § 27-9-101 provides for judicial review of a decision by any local board or commission by the filing of a petition for a common law writ of certiorari. *See Lafferty v. City of Winchester*, 46 S.W.3d 752, 758 (Tenn. Ct. App. 2000); *Wilson County Youth Emergency Shelter v. Wilson County*, 13 S.W.3d 338, 342 (Tenn. Ct. App. 1999); *Walker v. Metropolitan Bd. Of Parks And Recreation*, Nos. M2007-01701-COA-R3-CV, M2008-01226-COA-R3-CV, M2008-02218-COA-R3-CV, M2008-01748-COA-R3-CV, 2009 WL 5178435 at *18 (Tenn. Ct. App. Dec. 30, 2009) (Petitions to Rehear Denied Jan. 11 and 26, 2010) (Rule 11 perm.

-5-

app. denied June 30, 2010).

The scope of review under the common law writ of certiorari is very narrow. It does not involve an inquiry into the intrinsic correctness of the decision of the tribunal below, but only as to whether that tribunal has exceeded its jurisdiction, or acted illegally, fraudulently or arbitrarily. *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990); *Hutcherson v. Lauderdale County Bd. of Zoning Appeals*, 121 S.W.3d 372, 375 (Tenn. Ct. App. 2003); *Lafferty v. City of Winchester*, 46 S.W.3d at 759. A court does not have the authority to re-weigh the evidence or to substitute its own judgment for that of the Commission. *Hoover, Inc. v. Metro Bd. Of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996). If there is no material evidence to support a tribunal's action, it is arbitrary or illegal. *Harding Academy v. Metropolitan Government of Nashville*, 207 S.W.3d 279, 283 (Tenn. Ct. App. 2006); *Wilson County Youth Emergency Shelter v. Wilson County*, 13 S.W.3d at 342; *Sexton v. Anderson County*, 587 S.W.2d 663, 667 (Tenn. Ct. App. 1979).

The trial court's review of the evidence is confined to the administrative record, except that additional evidence may be introduced for the sole purpose of determining whether the tribunal below has exceeded its jurisdiction, or acted illegally, fraudulently or arbitrarily. Tenn.Code Ann. § 27-9-111(b); *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980); *Hemontolor v. Wilson County Board of Zoning Appeals*, 883 S.W.2d 613, 618 (Tenn. Ct. App. 1994).

Our review of the evidence on appeal can be no broader or more comprehensive than the trial court's review. *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d at 277; *Jacks v. City of Millington Bd. of Zoning Appeals*, 298 S.W.3d 163, 167 (Tenn. Ct. App. 2009).

*Shute v. Metropolitan Government of Nashville, Davidson County*, No. M2009-01417-COA-R3-CV, 2010 WL 3064362, **3-4 (Tenn. Ct. App. August 5, 2010) *R. 11 app. perm. appeal denied December 7, 2010.* We, therefore, will examine the process by which LaFollette terminated[2] Young to determine whether LaFollette acted fraudulently, illegally or arbitrarily.

---

[2]While this case stems from both the suspension and termination of Young as City Administrator, we believe the suspension was subsumed into the termination. Resolution of the termination will be dispositive.

Before we review LaFollette's actions, we note that Young's employment status with LaFollette never was established by the Trial Court. The Trial Court, while finding that Young had "certain property rights in continued employment," never specified the nature of those property rights or how they were created. We, however, must and will keep to the narrow review for common law writs of certiorari as our resolution of that issue is dispositive of this appeal.

The record contains a purported employment contract for a term signed by Young with LaFollette. Our purpose herein is not to determine the validity of that contract.[3] We are fundamentally interested only in whether LaFollette acted fraudulently, illegally, or arbitrarily in its actions taken regarding Young. From the contract:

>  (e) **Power and Authority of Mayor and Council.** Nothing in this Agreement shall be deemed to restrict the exercise of the power of the Mayor and Council under the LaFollette Municipal Code to remove the City Administrator at any time, but such removal shall not relieve the City from the obligation to make payments due City Administrator under the provisions of Paragraph 4 of this Agreement.

Although LaFollette may or may not owe Young money under the terms of the contract, the contract, nevertheless, clearly emphasizes that it does not restrict LaFollette's ability to terminate Young's employment "at any time."

We next examine the City of LaFollette Personnel Rules and Regulations ("Handbook") as it relates to LaFollette's right to terminate employees. A policy statement preceding the Handbook provides:

> This Personnel Policy Manual has been prepared to provide a central reference source for identifying and communicating the policies and procedures to all employees of the City of LaFollette. No provision of these policies or any policies adopted by the City of LaFollette shall be construed as an employment agreement or legal contract. Employment with the City of LaFollette is at will (i.e. it may be terminated at any time, with or without cause, either by the employee or by the City of LaFollette). The City of LaFollette, however, will not terminate any employee for reasons that violate State or Federal Law. These policies are subject to revision in the light of continuing experience and it is your responsibility to bring to your supervisor's attention any difficulties you have in understanding of these policies.

---

[3]We are aware of a parallel case in Circuit Court that may address issues related to this contract.

The City of LaFollette reserves the right to modify or change these policies at its sole discretion without notice.

The Handbook further provides:

Nothing in the personnel rules and regulations document shall be deemed to give employees any more property rights in their jobs than may already be given by the City Charter. The City reserves the right to alter or to change any or all of these rules without prior notice to employees.

The Handbook appears to preclude any limitation on LaFollette's right to terminate employees. Young nevertheless contends that the LaFollette proceedings are fatally flawed because LaFollette disregarded its own established procedures in the Handbook, namely: 1) White's grievance bypassed the first three stages of a four stage grievance process and LaFollette made no findings of fact regarding her grievance; and 2) LaFollette disregarded its normal disciplinary procedures in terminating Young. As our review is limited to those proceedings conducted by LaFollette with respect to Young, we will address the Handbook as it pertains to him.

Young's reliance on the Handbook is misplaced. LaFollette argues that the Handbook does not even apply to Young. We agree. The Handbook exempts:

1. All Elected Officials

2. Members of the Appointed Boards and Committees

3. Consultants, Advisors and Legal Counsel rendering temporary professional service

4. City Attorney

5. Independent Contractors

6. Volunteer personnel appointed without compensation

7. City Judge

Though the City Administrator is not specifically listed as exempt, the Handbook, however, further defines "Exempt Service":

The elected positions of Mayor, council members, and those individuals who serve at the pleasure of the elected officials who appointed them to their positions; board and commission members; people employed as consultants or counsel rendering temporary professional services; and positions involving seasonal, temporary, emergency, or voluntary employment or appointments to whom the rules and regulations are not applicable.

Pursuant to the LaFollette City Charter, "[t]he City Council may appoint and fix the salary of the City Administrator, who shall serve at the will of the City Council." Thus, as an individual serving "at the pleasure of the elected officials who appointed" him, Young, as City Administrator, was exempt from the provisions of the Handbook.

Nothing in the Handbook prohibited LaFollette from suspending or terminating Young's employment, nor was the Handbook even applicable to Young. Further, nothing in the contract, which, again, we need not and do not make a determination regarding its validity, prohibited LaFollette from suspending or terminating Young's employment.

We now look to the Charter of the City of LaFollette, which states, concerning removal of the City Administrator:

Section 8. Removal. The City Administrator shall not be removed from office, other than for misconduct in office, during or within a period of ninety (90) days next succeeding any general municipal election held in the city at which election a member of the City Council is elected or when a new city Councilman is appointed; the purpose of this provision is to allow any newly elected or appointed member of the City Council or a recognized City Council to observe the actions and ability of the City Administrator in the performance of the powers and duties of his office. After the expiration of the ninety-day period aforementioned, the City Administrator may be removed only by a majority vote of the City Council as then constituted.

There is no evidence that LaFollette exceeded its authority under the City Charter. The record does not reflect any proximate municipal elections that would run afoul of the Charter provision. Furthermore, the LaFollette City Council voted 3-2 to terminate Young. In doing so, LaFollette abided by the applicable provision in the City Charter requiring a majority vote by its City Council to remove the City Administrator.

Young criticizes the public hearing at which White's grievance was heard by the LaFollette Mayor and City Council, arguing that, in part, because he was unable to cross examine witnesses, his due process rights were violated. This argument is unavailing. As

we have discussed, LaFollette had the right to terminate Young's employment in accordance with the City Charter. Neither the contract nor the Handbook limited LaFollette's right to terminate Young's employment. No public hearing, let alone a formal trial, was necessary for LaFollette to remove Young as City Administrator.

Our review here is narrow, and we need not determine whether the evidence presented to the LaFollette City Council was adequate to sustain an allegation of sexual harassment or any other allegation. Every salient fact in the record shows that LaFollette had the right to terminate Young's employment by a majority vote of the City Council. The contract did not purport to restrict LaFollette's ability to terminate Young's employment. The Handbook emphasized that it was a document subject to change at any time and did not limit LaFollette's right to terminate Young's employment. In any event, as we have discussed, the Handbook did not apply to Young. Finally, LaFollette acted according to its City Charter when it terminated Young's employment by majority vote of the City Council. We hold that the Trial Court erred in holding that LaFollette acted illegally, arbitrarily, and without sufficient material evidence.[4]

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for collection of the costs below. Costs on appeal are taxed against the Appellee, David G. Young.

_____
D. MICHAEL SWINEY, JUDGE

---

[4]Our holding also reverses the Trial Court with respect to discretionary costs awarded to Young.