# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### May 6, 2015 Session

## DAVID G. YOUNG v. CITY OF LAFOLLETTE ET AL.

**Appeal by permission from the Court of Appeals, Eastern Section
Circuit Court for Campbell County
No. 14453      John D. McAfee, Judge**

_____

**No. E2013-00441-SC-R11-CV – Filed August 26, 2015**

_____

We granted permission to appeal to address two issues: (1) Whether the Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101 to -408 (2012 & Supp. 2014), applies to Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304 (2008 & Supp. 2009), claims against governmental entities; and (2) If the GTLA does not apply, whether a constitutional or statutory right to trial by jury applies to TPPA claims brought in circuit court.  As to the first issue, we hold that the GTLA does not apply to TPPA claims because the TPPA is an independent and specific body of law, which removes governmental immunity and thus controls the adjudication of TPPA claims against governmental entities.  As to the second question, we hold that there is no constitutional right to trial by jury for TPPA claims and that there is no statutory right to trial by jury for TPPA claims filed in circuit court.  Accordingly, the judgment of the Court of Appeals is affirmed on the separate grounds stated herein, and this matter is remanded to the circuit court for further proceedings consistent with this decision.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals
Affirmed as Modified; Case Remanded**

CORNELIA A. CLARK, J., delivered the opinion of the Court, in which SHARON G. LEE, C.J., and GARY R. WADE, JEFFREY S. BIVINS, and HOLLY KIRBY, JJ., joined.

David H. Dunaway, LaFollette, Tennessee, for the appellant, David Young.

Jon G. Roach, Emily C. Taylor, and Brian R. Bibb, Knoxville, Tennessee, for the appellee, City of LaFollette.

## OPINION

## I. Factual and Procedural Background

The background facts surrounding the disagreement between the parties in this case are convoluted and difficult to decipher. We recite only those relevant to an understanding of the issues presented by this interlocutory appeal. The plaintiff, David Young ("Mr. Young"), was employed as the city administrator for the City of LaFollette ("the City") for four-and-a-half years, from 2005 to 2009. Throughout much of his tenure, he was involved in controversy and litigation with the City and other City employees.[1] On May 1, 2009, Lynda White, clerk for the City, sent a letter to the mayor and City council reporting that Mr. Young had sexually harassed her.

On May 7, 2009, less than a week after Ms. White's grievance was received, Mr. Young filed suit in the Circuit Court for Campbell County against the City and other City officials.[2] Mr. Young alleged, among many other claims, anticipatory and actual breach of his written, four-year employment contract, and common law retaliatory discharge.[3]

---

[1] Mr. Young testified as a witness in Fannon v. City of LaFollette, 329 S.W.3d 418 (Tenn. 2010) [hereinafter City of LaFollette I], a case involving whether City council members had followed the City's charter when approving pay raises for certain City employees, including Lynda White, the City clerk.

[2] In addition to the City, Mr. Young's original complaint named Mike Stanfield, the City's mayor, and Ms. White as defendants (collectively "the Defendants"). However, this interlocutory appeal involves only Mr. Young's statutory retaliatory discharge claim against the City. See Tenn. Code Ann. § 50-1-304.

[3] Mr. Young also filed a petition for writ of certiorari in the Chancery Court for Campbell County challenging the City's termination of his employment contract. Following a hearing in February 2010, the Chancellor determined that the "City of LaFollette through its actions taken on August 4, 2009 and September 1, 2009 acted illegally, arbitrarily, and without sufficient material evidence to warrant any discipline" against Mr. Young. Young v. City of LaFollette, 353 S.W.3d 121, 123 (Tenn. Ct. App. 2011), perm. app. denied (Tenn. Sept. 21, 2011) [hereinafter City of LaFollette II]. However, the Court of Appeals reversed and upheld the City's action in terminating Mr. Young's contract, stating that "[e]very salient fact in the record shows that LaFollette had the right to terminate Young's employment by a majority vote of the City Council." Id. at 127. The issues raised in City of LaFollette II have been fully litigated by the parties and are not relevant to this interlocutory appeal.

Meanwhile, on August 4, 2009, following a City council meeting, Mr. Young was suspended from his duties as City administrator. On September 1, 2009, after an investigation into Ms. White's report of sexual harassment, the City terminated Mr. Young's employment.

After Mr. Young's suspension but before his termination, the Defendants filed, on August 20, 2009, an answer and counter-complaint for declaratory judgment, requesting a declaration that the written contract with Mr. Young was null and void because it violated the City charter. On the same day the Defendants also filed a motion for summary judgment as to all of Mr. Young's claims in the circuit court case. While the City's summary judgment motion remained pending, Mr. Young amended his complaint by agreement on February 26, 2010, to add a statutory retaliatory discharge claim under the TPPA. See Tenn. Code Ann. § 50-1-304. On April 9, 2010, the Defendants filed an amended motion for summary judgment, an answer to the amended complaint, and a counter-complaint for declaratory judgment. Mr. Young filed an answer to the Defendants' counter-complaint for declaratory judgment on June 3, 2011.

By order entered August 11, 2011, the trial court granted the City's amended motion for summary judgment on all claims against the Defendants except the TPPA retaliatory discharge claim against the City.[4] On July 9, 2012, the City filed another motion for summary judgment, seeking dismissal of the retaliatory discharge claim. Following a hearing on November 7, 2012, the trial court denied the City's second motion for summary judgment. At the conclusion of this hearing, Mr. Young moved orally to set the remaining claim for trial and requested a trial by jury. Relying on the GTLA, the City argued that Mr. Young was not entitled to a jury trial. See Tenn. Code Ann. § 29-20-307 (2012). The trial court requested that the parties submit written briefs on the issue, and the City subsequently moved to strike Mr. Young's jury demand.

After a December 10, 2012 hearing on Mr. Young's entitlement to a jury trial, the trial court entered an order on February 11, 2013, denying the City's motion to strike the jury demand. The trial court determined, as a matter of first impression, that Mr. Young was entitled to a jury trial on his TPPA claim but stated no legal basis for its decision. In the same order, however, the trial court granted the City permission to seek an interlocutory appeal on the jury-trial issue. See Tenn. R. App. P. 9.

---

[4] We note that the trial court's August 11, 2011 order granting partial summary judgment states: "The [c]ourt's decision regarding [Mr. Young's] claim against the Defendants, Mike Stanfield and Lynda White, for false light and defamation is deferred to permit the parties to supplement the record." Additionally, this same order states that "[t]he [c]ourt's decision regarding tortious or intentional interference with a business relationship by Lynda White is deferred in order to permit the parties to supplement the record." Based upon the record before us we are unable to determine whether these matters have been resolved.

The Court of Appeals granted the City's Rule 9 application on March 28, 2013, to address the following issue:

> ["Whether the provision of the [GTLA] that requires claims brought against governmental entities be decided "without the intervention of a jury," Tenn[.] Code Ann[.] § 29-20-307, applies to a statutory retaliatory discharge claim against a governmental entity brought pursuant to the [TPPA], see Tenn[.] Code Ann[.] § 50-1-304."] Young v. City of LaFollette, No. E2013-00441-COA-R9-CV, 2014 WL 545486, at *2 (Tenn. Ct. App. Feb. 10, 2014) [hereinafter City of LaFollette III]. Relying primarily on Sneed v. City of Red Bank, No. E2012-02112-COA-R9-CV, 2013 WL 3326133, at *1 (Tenn. Ct. App. June 27, 2013), rev'd, 459 S.W.3d 17 (Tenn. 2014), the Court of Appeals reversed the trial court's decision and held "that the GTLA applies to claims brought against a municipality pursuant to the TPPA, thereby requiring the claim to be tried without the intervention of a jury." City of LaFollette III, 2014 WL 545486, at *7.

We granted Mr. Young's Tennessee Rule of Appellate Procedure 11 application for permission to appeal.

## II. Standard of Review

Unlike an appeal as of right under Tennessee Rule of Appellate Procedure 3, in which both the appellant and the appellee have broad latitude with regard to the issues that may be raised, "[w]hen dealing with an interlocutory appeal, the Court can and will deal only with those matters clearly embraced within the question certified to it." Tenn. Dep't of Mental Health & Mental Retardation v. Hughes, 531 S.W.2d 299, 300 (Tenn. 1975); see also Banks v. Elks Club Pride of Tenn. 1102, 301 S.W.3d 214, 227 n.16 (Tenn. 2010) (declining to address an issue because it was "beyond the scope of the issue certified on the interlocutory appeal"); In re Bridgestone/Firestone, 286 S.W.3d 898, 902 (Tenn. Ct. App. 2008) (citing Heatherly v. Merrimack Mut. Fire Ins. Co., 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000)) (recognizing that the scope of issues in interlocutory appeals is limited). The issue raised in this case encompasses two distinct questions, and in light of this Court's decision in Sneed v. City of Red Bank, 459 S.W.3d 17 (Tenn. 2014), we directed the parties to submit supplemental briefing on the following two issues, which we will now address: (1) Whether the GTLA applies to a TPPA claim against a governmental entity; and (2) If the GTLA does not apply, does a plaintiff bringing a TPPA claim in circuit court have a right to trial by jury? See Young v. City of LaFollette, No. E2013-00441-SC-R11-CV (Tenn. Dec. 2, 2014) (order directing supplemental briefing).

-4-

The answers to these questions depend upon the construction of statutes. Statutory construction is a question of law that appellate courts review de novo without any presumption of correctness. In re Estate of Tanner, 295 S.W.3d 610, 613 (Tenn. 2009); see also Carter v. Quality Outdoor Prods., Inc., 303 S.W.3d 265, 267 (Tenn. 2010) (citing Perrin v. Gaylord Entm't Co., 120 S.W.3d 823, 826 (Tenn. 2003)).

### III. Analysis

Mr. Young contends that the Court of Appeals erred by holding that the procedural requirements of the GTLA apply to his TPPA claim and also asserts that this Court's decision in Sneed v. City of Red Bank is controlling. Conversely, the City asserts that Sneed is distinguishable from the instant case and that the Court of Appeals correctly held that Mr. Young is not entitled to a jury trial on his TPPA claim.

### A. The GTLA

The doctrine of sovereign immunity, which provides that suit may not be brought against the government unless the government has consented to be sued, Lucius v. City of Memphis, 925 S.W.2d 522, 525 (Tenn. 1996), originated in "feudal notions of the divine right of kings. In feudal England the King was at the very pinnacle of the power structure and was answerable to no court since 'the King can do no wrong,'" Cruse v. City of Columbia, 922 S.W.2d 492, 495 (Tenn. 1996) (quoting Cooper v. Rutherford Cnty., 531 S.W.2d 783, 786 (Tenn. 1975) (Henry, J., dissenting)). This common law doctrine is now embodied in the Tennessee Constitution, which provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17.

In 1973, the Legislature enacted the GTLA, which reaffirmed generally the grant of sovereign immunity provided at common law and in the Tennessee Constitution by stating that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). However, in addition to reaffirming the general grant of immunity, the GTLA also enumerates certain statutory exceptions where governmental immunity is specifically removed. Id. § 29-20-202(a) (immunity removed for injuries resulting from the negligent operation of a motor vehicle or other equipment by a governmental employee in the scope of employment); id. § 29-20-203(a) (immunity removed for injuries caused by a defective, unsafe, or dangerous condition on a public roadway or sidewalk); id. § 29-20-204(a) (immunity removed for injuries caused by dangerous or defective conditions associated with public structures or improvements); id. § 29-20-205 (immunity removed for injuries caused by the negligence of governmental employees with certain exceptions). Furthermore, the GTLA also lists

specific types of claims for which immunity is not removed. Id. § 29-20-205(2) (immunity not removed for "[f]alse imprisonment . . . , false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights"); Hughes v. Metro. Gov't of Nashville & Davidson Cnty., 340 S.W.3d 352, 369-70 (Tenn. 2011) (discussing the manner in which section 29-20-205(2) applies); Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73, 84 (Tenn. 2001) (same).

Claims against governmental entities where sovereign immunity is removed by the GTLA have other restrictions imposed on them as well. Such claims must be brought within twelve months of when the cause of action arises. Tenn. Code Ann. § 29-20-305. Furthermore, "circuit courts shall have exclusive original jurisdiction over any action brought under [the GTLA] and shall hear and decide such suits without the intervention of a jury." Id. § 29-20-307.

### B. Sneed v. City of Red Bank

When a cause of action asserted against a governmental entity is based upon a statute separate from the GTLA and the GTLA neither specifically removes immunity nor specifically reaffirms immunity for the cause of action, we must determine whether the cause of action is "brought under" and governed by the GTLA. In Sneed, we identified the considerations that are relevant to making this determination. Thus, we begin our analysis with Sneed.

The issues in Sneed were whether the GTLA governs Tennessee Human Rights Act ("THRA") claims against governmental entities, and if not, whether there is an independent right to a jury trial under the THRA in chancery court. See Sneed, 459 S.W.3d at 22. In determining that the GTLA does not govern THRA claims against governmental entities, we held that, while the GTLA is a comprehensive statutory scheme with respect to certain tort claims brought against governmental entities, "the GTLA does not control every single action against a governmental entity." Id. at 25 (citing Cruse, 922 S.W.2d at 496; Jenkins v. Loudon Cnty., 736 S.W.2d 603, 608 (Tenn. 1987), abrogated on other grounds by Limbaugh, 59 S.W.3d at 81-83; J.S. Haren Co. v. City of Cleveland, No. E2002-01327-COA-R3-CV, 2003 WL 21276662, at *5 (Tenn. Ct. App. May 30, 2003) (holding that the remedy provided by a statute independent of the GTLA was not subject to the GTLA)). Rather, we explained that the GTLA governs "[o]nly those claims which are 'brought under' the GTLA and for which 'immunity is removed by' the GTLA." Id.; see also Tenn. Code Ann. §§ 29-20-201(c), -307. This "'leaves significant areas of activities either protected by immunity or subject to independent bodies of law.'" Sneed, 459 S.W.3d at 25 (citing Cruse, 922 S.W.2d at 496). We went on to determine, based upon the "history and text of the GTLA itself," that the "THRA is an independent statutory scheme that creates remedies and removes governmental

-6-

immunity," and thus such claims are not subject to the GTLA. Sneed, 459 S.W.3d at 27. In making this determination, we expressly overruled Young v. Davis, upon which the Court of Appeals relied in deciding both Sneed and the present appeal. See Young v. Davis, No. E2008-01974-COA-R3-CV, 2009 WL 3518162 (Tenn. Ct. App. Oct. 30, 2009), overruled by Sneed, 459 S.W.3d at 29. Finally, this Court in Sneed concluded that, although the THRA provides no explicit right to a jury trial, another statute provides the right to trial by jury for THRA claims brought in chancery court. Sneed, 459 S.W.3d at 30-31 & n.10 (discussing Tennessee Code Annotated section 21-1-103 (2009)).[5]

Using the analytical framework Sneed provided, we now turn to the first issue in this appeal: whether the GTLA applies to TPPA claims against governmental entities.

### C. The GTLA and the TPPA

#### 1. History of Retaliatory Discharge

The common law tort of retaliatory discharge was recognized by this Court in Chism v. Mid-South Milling Co., 762 S.W.2d 552, 556-57 (Tenn. 1988). See also Guy v. Mut. of Omaha Ins. Co., 79 S.W.3d 528, 534-35 (Tenn. 2002) (tracing origins of common law tort of retaliatory discharge).

In 1990, a mere two years after Chism, the Legislature enacted the TPPA, which differs from the common law tort of retaliatory discharge by only providing protection for employees terminated "*solely* for refusing to participate in, or for refusing to remain silent about illegal activities." Act of March 29, 1990, ch. 771, 1990 Tenn. Pub. Acts 256 (emphasis added) (codified at Tenn. Code Ann. § 50-1-304(a) (Supp. 1990)); see also Haynes v. Formac Stables, Inc., 463 S.W.3d 34, 37 (Tenn. 2015) ("The primary difference in the statutory version of the cause of action [for retaliatory discharge] is that it requires an employee to show that his or her refusal to remain silent was the *sole* reason for the discharge, whereas a common law claimant must show only that his or her refusal to remain silent was a substantial factor motivating the discharge.").

---

[5] Tennessee Code Annotated section 21-1-103 provides the following right to trial by jury in chancery court: "Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, save in cases involving complicated accounting, as to such accounting and those elsewhere excepted by law or by this code, and all the issues of fact in any proper cases, shall be submitted to one (1) jury."

Early decisions addressing both common law and TPPA claims against governmental entities held that the GTLA had not removed governmental immunity for such claims. See, e.g., Ketron v. Chattanooga—Hamilton Cnty. Hosp. Auth., 919 F. Supp. 280, 283 (E.D. Tenn. 1996) (finding governmental immunity for pre-1997 TPPA claim); Baines v. Wilson Cnty., 86 S.W.3d 575, 579 (Tenn. Ct. App. 2002) (holding that the GTLA did not remove sovereign immunity for common law retaliatory discharge claim); Seals v. Jefferson City, No. 03A01-9808-CV-00269, 1999 WL 349690, at *1, *3 (Tenn. Ct. App. June 2, 1999) (holding that the governmental entity was immune in a pre-1997 TPPA action); Williams v. Williamson Cnty. Bd. Of Educ., 890 S.W.2d 788, 790 (Tenn. Ct. App. 1994) (holding that the governmental entity was immune to a common law retaliatory discharge claim); Montgomery v. Mayor of Covington, 778 S.W.2d 444, 445 (Tenn. Ct. App. 1988) (same). However, in 1997, the Legislature amended the definition of "employer" in the TPPA to include "the state, or any municipality, county, department, board, commission, agency, instrumentality, political subdivision or any other entity of the state," and the definition of "employee" to include "an employee of the state, or any municipality, county, department, board, commission, agency, instrumentality, political subdivision or any other entity thereof." Act of May 29, 1997, ch. 511, 1997 Tenn. Pub. Acts 931 (codified at Tenn. Code Ann. § 50-1-304(g)(1)-(2) (Supp. 1997)). Judicial decisions predating these amendments do not provide the answer for the issue in this appeal. We turn instead to the text of the TPPA.

### 2. TPPA as a statute independent of GTLA

The TPPA provides that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). It goes on to state that "[a]ny employee terminated in violation of subsection (b) *shall have a cause of action* against *the employer* for retaliatory discharge and any other damages to which the employee may be entitled." Id. § 50-1-304(d)(1) (emphasis added). Thus, the TPPA sets out certain prohibited conduct in section 50-1-304(b), creates in section -304(d)(1) a cause of action for those who have been subjected to this prohibited conduct, and finally defines, in section -304(a), the "[e]mployee[s]" who may bring this cause of action and the "[e]mployer[s]" against whom it may be brought. The TPPA also provides for recovery of attorney's fees[6] and includes a safeguard against frivolous claims.[7] All together, these provisions form an

---

[6] See Id. § 50-1-304(d)(2) ("Any employee terminated in violation of subsection (b) solely for refusing to participate in, or for refusing to remain silent about, illegal activities who prevails in a cause of action against an employer for retaliatory discharge for the actions shall be entitled to recover reasonable attorney fees and costs.").

[7] See Id. § 50-1-304(f)(2) ("If any employee files a cause of action for retaliatory discharge for any improper purpose, such as to harass or to cause needless increase in costs to the employer, the court, upon motion or upon its own initiative, shall impose upon the employee an appropriate sanction, which

independent and comprehensive statutory scheme which removes governmental immunity independent of the GTLA.

Moreover, the Legislature's 1997 amendment to the TPPA, made subsequent to early court decisions barring TPPA claims against governmental entities, further supports our conclusion that the TPPA is not subject to the procedural requirements of the GTLA. It is a fundamental tenet of statutory construction that this Court must presume that the Legislature knows the law and makes new laws accordingly. Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 527 (Tenn. 2010); Lavin v. Jordon, 16 S.W.3d 362, 368 (Tenn. 2000). When presented with judicial decisions interpreting the GTLA as barring TPPA claims against governmental entities, the Legislature chose to amend the TPPA instead of the GTLA. By making this choice, the Legislature established the TPPA as an "'independent bod[y] of law'" outside the purview of the GTLA. Sneed, 459 S.W.3d at 25 (quoting Cruse, 922 S.W.2d at 496). The GTLA, originally enacted seventeen years before the TPPA and amended numerous times since its enactment, contains a number of exceptions to the general grant of immunity found in Tennessee Code Annotated section 29-20-201(a). See Tenn. Code Ann. §§ 29-20-202 through -205. Had the Legislature intended to subject TPPA claims to the procedural requirements of the GTLA, it easily could have amended the GTLA to remove immunity for TPPA claims, instead of amending the TPPA to specifically allow suit against governmental entities. Consequently, similar to the THRA, the Legislature's treatment of TPPA claims evinces an intent that such claims are not "brought under" the GTLA. Rather, they are brought under the TPPA, an independent statute which establishes its own rights and remedies apart from the procedures that apply under the GTLA.

### D. Right to jury trial in Circuit Court under TPPA

Having determined that the TPPA is an independent statutory scheme and not subject to the procedural requirements of the GTLA, we now turn to the second part of the inquiry: whether there is a constitutional or statutory right to a jury trial in circuit court for TPPA claims. Mr. Young alleges that he has a constitutional right to a jury trial on his TPPA claim and relies for this assertion upon article I, section 6 of the Tennessee Constitution. The City asserts that there is no constitutional right to trial by jury on TPPA claims and also that there is no statutory right to trial by jury in circuit court similar to the statutory right to trial by jury in chancery court. See Tenn. Code Ann. § 21-1-103.

---

may include an order to pay the other party or parties the amount of reasonable expenses incurred, including reasonable attorney's fees.").

*1. Constitutional right to jury trial*

The Tennessee Constitution provides "[t]hat the right of trial by jury shall remain inviolate, and no religious or political test shall ever be required as a qualification for jurors." Tenn. Const. art. I, § 6. Although this language is broad, article I, section 6 does not guarantee the right to a jury trial in every case. Helms v. Tenn. Dep't of Safety, 987 S.W.2d 545, 547 (Tenn. 1999). Rather, it guarantees the right to "trial by jury as it existed at common law . . . 'under the laws and constitution of North Carolina at the time of the adoption of the Tennessee Constitution of 1796.'" Id. (quoting Patten v. State, 426 S.W.2d 503, 506 (Tenn. 1968)). The constitutional guarantee of a jury does not apply to cases that could have been tried without a jury prior to 1796. Newport Hous. Auth. v. Ballard, 839 S.W.2d 86, 88 (Tenn. 1992). "In the classic common law system of courts, matters inherently legal in nature were tried in the law courts by a jury while matters inherently equitable were tried by the Chancellor without a jury. Therefore, there is no *constitutional right* to a trial by jury in a matter inherently equitable." Smith Cnty. Educ. Ass'n v. Anderson, 676 S.W.2d 328, 336 (Tenn. 1984) (emphasis added). Additionally, the constitutional right to trial by jury does not apply to statutory rights and remedies created after the adoption of the 1796 Constitution. Helms, 987 S.W.2d at 547. For such statutory rights and remedies, the Legislature is free either to dispense with the right of trial by jury, id. (citing Ballard, 839 S.W.2d at 88), or provide for it, Anderson, 676 S.W.2d at 335-37.

The TPPA was enacted by the Tennessee Legislature in 1990, almost two hundred years after the adoption of the first Tennessee Constitution. See Tenn. Code Ann. § 50-1-304 (Supp. 1990). Furthermore, even the common law tort of retaliatory discharge was only recognized by Tennessee courts in the 1980's. See Chism, 762 S.W.2d at 556-57. Mr. Young has not cited, nor have we found, any authority supporting the assertion that retaliatory discharge in any form existed "'under the laws and constitution of North Carolina at the time of the adoption of the Tennessee Constitution of 1796.'" Helms, 987 S.W.2d at 547 (quoting Patten, 426 S.W2d at 506). Quite simply, the TPPA is a statutory remedy created long after the 1796 Constitution, and thus, if parties asserting or defending against such claims are to enjoy the right to trial by jury, the onus is upon the Legislature to provide for the right specifically by statute.

*2. Statutory right to jury trial*

The TPPA, similar to the THRA, neither explicitly provides for nor prohibits jury trials. See Tenn. Code Ann. §§ 4-21-101 (2011), 50-1-304 (2008 & Supp. 2009); see also Sneed, 459 S.W.3d at 30 ("The THRA does not expressly grant the right to trial by jury."). In Sneed, we held that Tennessee Code Annotated section 21-1-103, a statute of

general application, affords the right to jury trial *in chancery court*.[8]  Id. at 32.  No similar statute of general application affords Mr. Young a right to trial by jury on the claim he filed in circuit court.[9]  While Tennessee Rule of Civil Procedure 38.01 provides that "[t]he right of trial by jury as declared by the Constitution or existing laws of the state of Tennessee shall be preserved to the parties inviolate," this rule of civil procedure is merely descriptive of the constitutional right to a jury trial and does not itself confer an independent right to trial by jury.  See Tenn. R. Civ. P. 38.01 advisory commission cmt. ("The procedures described in this Rule for demanding a trial by jury were not intended or designed to abridge any constitutional or statutory right to jury trial, the Committee deeming such rights to be a matter of substantive law and not merely procedural."); see also Ashe v. State ex rel. Shriver, 518 S.W.2d 360, 361 (Tenn. 1975).  Consequently, there is no statutory analog to Tennessee Code Annotated section 21-1-103 creating a general statutory right to jury trial for claims brought in circuit court.

We recognize that the result of our analysis, which confirms a statutory right to jury trial for TPPA claims in chancery court but not in circuit court, may seem counterintuitive.  However, creating new statutory rights and remedies that do not have an accompanying right to jury trial is a power within the purview of the Legislature.  See Jones v. Greene, 946 S.W.2d 817, 825 (Tenn. Ct. App. 1996) ("The Tennessee Constitution vests in the General Assembly the power to enact legislation to protect the health, safety, and welfare of our citizens, and Tenn. Const. art. I, § 6 does not limit the General Assembly's power to establish new claims and remedies that do not require a trial by jury.").  By enacting the TPPA, but choosing not to provide explicitly for the right to trial by jury within the TPPA, the Legislature exercised its authority to effectively preclude the right to a jury trial, at least with respect to TPPA claims brought in circuit court.  Any expansion of the statutory right to jury trial must emanate from the Legislature.

---

[8] Plaintiff's reliance on footnote 13 in Sneed as support for his assertion of a right to trial by jury in circuit court is misplaced.  First, the footnote addressed a 2014 statute that does not apply to this case.  Second, the 2014 statute, even if applicable, did not create a right to trial by jury but merely described the procedure that applies where such a right exists.  In Sneed, the right to jury trial existed in chancery court by virtue of a separate statute.  There is no similar statute granting a right to trial by jury in circuit court.

[9] Although we have a limited scope of review in this interlocutory appeal, we note that as a result of our decision that the TPPA is an independent statutory scheme, Tennessee Code Annotated section 29-20-307, which requires GTLA claims to be filed in circuit court, is not applicable and did not prevent Mr. Young from filing his claim initially in chancery court.  In fact, Mr. Young filed another action in chancery court based upon the same facts, and litigated that case first.  See City of LaFollette II, 353 S.W.3d 121, perm. app. denied (Sept. 21, 2011).

Thus, we conclude that Mr. Young is not constitutionally entitled to a jury trial on his TPPA claim because his claim did not exist at common law. Mr. Young also has no statutory right to trial by jury in circuit court on his TPPA claim.

## IV. Conclusion

For the reasons stated herein, we hold that the GTLA does not govern Mr. Young's TPPA retaliatory discharge claim. We further hold that Mr. Young has no constitutional or statutory right to trial by jury on his TPPA claim in circuit court. Accordingly, for the separate reasons stated herein, the judgment of the Court of Appeals is affirmed, and the case is remanded to the trial court for proceedings consistent with this decision. Costs of this appeal are taxed to David Young, for which execution, if necessary, may issue.

_____
CORNELIA A. CLARK, JUSTICE