IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 2, 2017

**JOHN PIERCE LANKFORD v.
CITY OF HENDERSONVILLE, TENNESSEE**

**Appeal from the Circuit Court for Sumner County
No. 2016-CV-211     Joe H. Thompson, Judge**

**No. M2016-02041-COA-R3-CV**

This case involves the seizure of the plaintiff's cellular telephone and other items of personal property by police officers employed by the defendant city during a criminal investigation in October 2012. The plaintiff pled guilty in August 2013 to one count of aggravated assault and three counts of simple assault before the criminal division of the Sumner County Circuit Court ("criminal court"). While subsequently incarcerated, the plaintiff initiated this action on March 2, 2016, by filing a motion requesting, *inter alia*, a "property hearing" in the civil division of the Sumner County Circuit Court ("trial court"), averring that his cellular telephone and other personal property had been illegally seized without notice and that his telephone had ultimately been destroyed by order of the criminal court. The plaintiff asserted that city police officers had violated his Fourth Amendment right to be free from unreasonable search and seizure. The trial court subsequently entered an order, *inter alia*, determining that the plaintiff's pleading was in substance a complaint alleging conversion. The city filed a motion to dismiss, asserting that it had governmental immunity from the plaintiff's constitutional and conversion claims. The city also asserted that any negligence claim was time-barred under the Tennessee Governmental Tort Liability Act ("GTLA"). *See* Tenn. Code Ann. § 29-20-305(b) (2012). Upon consideration of additional pleadings filed by the parties, the trial court dismissed the plaintiff's complaint, finding that the city possessed immunity from claims that its employees had violated the plaintiff's constitutional rights or committed conversion. The trial court further determined that any negligence claim against the city was time-barred by the applicable statute of limitations. The plaintiff has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

John Pierce Lankford, Whiteville, Tennessee, Pro Se.

John R. Bradley, Hendersonville, Tennessee, for the appellee, City of Hendersonville.

**OPINION**

I. Factual and Procedural Background

The plaintiff, John Pierce Lankford, was arrested on October 12, 2012, by police officers employed by the defendant, the City of Hendersonville, Tennessee ("the City"). While conducting the investigation leading to Mr. Lankford's arrest, an officer or officers seized various items of Mr. Lankford's personal property, including his cellular telephone ("cell phone"). A plea agreement presented by the City as an exhibit to a pleading in the instant action reflects that Mr. Lankford entered a guilty plea in the criminal court on August 9, 2013, to one count of aggravated assault, *see* Tenn. Code Ann. § 39-13-102 (2014), and three counts of simple assault, *see* Tenn. Code Ann. § 39-13-101 (2014). At the time he initiated the instant action and throughout these proceedings, Mr. Lankford has been incarcerated.

On March 2, 2016, Mr. Lankford, acting *pro se*, filed in the trial court a pleading entitled, "Motion to Appoint Counsel / Property hearing Sought." Naming as defendants the "State of Tennessee, Hendersonville Police Department," Mr. Lankford averred that a City police officer had entered Mr. Lankford's home without a "search and seizure warrant" on October 12, 2012, and seized unspecified personal property. Mr. Lankford further averred that on the same day, a City police officer seized Mr. Lankford's cell phone, which purportedly had been lost the day before, when the phone was reported as lost and found to the City's police department. Mr. Lankford also alleged that his cell phone had been subsequently destroyed upon the City's petition to the district attorney's office and the criminal court's resultant order. Mr. Lankford stated a "fourth amendment and fourteenth amendment rights violation claim." He also requested that the trial court appoint counsel to represent him during his "property hearing."

In an order entered March 7, 2016, the trial court found that Mr. Lankford's pleading in substance alleged a civil action for the tort of conversion and deemed it a complaint to be served upon the City and the State of Tennessee ("the State"). The court denied Mr. Lankford's motion for appointment of counsel, determining that Mr. Lankford did not possess a constitutional or statutory right to court-appointed counsel in a civil action. *See Hessmer v. Miranda*, 138 S.W.3d 241, 245 (Tenn. Ct. App. 2003) ("Indigent civil litigants, unlike indigent criminal defendants, possess neither a constitutional nor statutory right to court-appointed assistance."). Mr. Lankford subsequently filed a

2

"Motion to Proceed" on April 21, 2016, denying that he had filed a governmental tort claim and reasserting his Fourth Amendment claim.

On April 22, 2016, the City filed a motion to dismiss the complaint, positing that Mr. Lankford's claim alleged a tort action against the City and that as such, it was time-barred by operation of the GTLA, specifically the one-year statute of limitations provided in Tennessee Code Annotated § 29-20-305(b). Mr. Lankford initially responded by filing a pleading on April 25, 2016, in which he stated that he had filed this action pursuant to Tennessee Rules of Criminal Procedure 41(g)(1) and 12(b). The State filed a separate motion to dismiss on May 9, 2016, and Mr. Lankford filed various pleadings in response.

The trial court entered an order on June 7, 2016, denying various motions filed by Mr. Lankford but granting Mr. Lankford additional time to submit a written response to the City's and the State's respective motions to dismiss. The court determined in this order that "the motions should be decided upon the pleadings and without a hearing." Mr. Lankford subsequently filed a motion for an extension of time and to "relieve the state as a defendant," as well as an additional pleading clarifying that he wished to proceed with the City as the sole defendant. In an order entered July 11, 2016, the trial court treated Mr. Lankford's motion to relieve the State as a motion for voluntary nonsuit and dismissed Mr. Lankford's claim against the State without prejudice pursuant to Tennessee Rule of Civil Procedure 41.01.[1] The court also granted Mr. Lankford's motion for an extension of time in which to file a written response to the City's motion to dismiss.

On July 18, 2016, Mr. Lankford filed a "Motion to Dismiss" the City's motion to dismiss his complaint, arguing, *inter alia*, that the applicable statute of limitations had not begun to run at the time his personal property was seized because the City had not provided him with notice of seizure pursuant to Tennessee Code Annotated § 40-33-203(a). The City filed a response, reasserting its defenses under the GTLA and also arguing that because Mr. Lankford had agreed to the forfeiture of his personal property as part of his plea agreement, he had waived his right to contest the forfeiture. The City attached a copy of the plea agreement, signed personally by Mr. Lankford and his then-counsel on August 8, 2013, and approved in a criminal court judgment entered August 9, 2013. The plea agreement includes the following provision:

> FORFEITURE OF SEIZED PROPERTY: I forfeit any and all interest in all property taken by any law enforcement agency. I agree such property is forfeited to the seizing agency.

---

[1] The State was not named as a defendant in the final judgment or on appeal, and the State is not participating on appeal.

Mr. Lankford subsequently filed a motion objecting to the City's response.

Upon the pleadings, the trial court entered a memorandum opinion and order on September 26, 2016, granting the City's motion to dismiss Mr. Lankford's complaint. The court found that Mr. Lankford's claims based on the Fourth and Fourteenth Amendments of the United States Constitution did not qualify as negligent acts or omissions of City employees for which the City's immunity from suit would be removed pursuant to the GTLA, specifically Tennessee Code Annotated § 29-20-205. The court also found that under the GTLA, the City could not be held vicariously liable for conversion as an intentional tort allegedly committed by a police officer or officers. Finally, the court found that Mr. Lankford could not maintain a negligence claim against the City because he failed to file such a claim within the one-year statute of limitations from the time his personal property was seized on October 12, 2012. *See* Tenn. Code Ann. § 29-20-305(b) (providing that an action under the GTLA "must be commenced within twelve (12) months after the cause of action arises.").

Mr. Lankford filed a timely notice of appeal. However, he initially stated that he was appealing to the Tennessee Court of Criminal Appeals, and appellate proceedings began in that Court. Upon an order entered by the Court of Criminal Appeals on December 13, 2016, and Mr. Lankford's subsequent motion, the appeal was transferred to this Court by order entered December 19, 2016. In an order entered March 2, 2017, in response to Mr. Lankford's filing of a "Transcript of the Record" and the City's objection to the filing, the trial court struck Mr. Lankford's filing from the record upon finding that "it was not a transcript or statement of the evidence and should not be included in the record on appeal." As the City noted in its objection, no evidentiary hearing had been conducted in this case upon which a statement of the evidence or transcript could be based. *See* Tenn. R. App. P. 24(d). This appeal followed.

## II. Issue Presented

Mr. Lankford presents one issue on appeal, which we have restated as follows:

Whether the trial court erred by dismissing Mr. Lankford's claim for improper seizure of property.

## III. Standard of Review

In reviewing the trial court's dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12, we must consider only the legal sufficiency of the complaint dismissed. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 696 (Tenn. 2002). As our Supreme Court has explained:

A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).

*Id.* (additional internal citations omitted). "A trial court's legal conclusions regarding the adequacy of a complaint are reviewed de novo without a presumption of correctness." *Stewart v. Schofield*, 368 S.W.3d 457, 462-63 (Tenn. 2012).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart*, 368 S.W.3d at 463 (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

When interpreting statutes, we adhere to the following longstanding principles:

When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.,* 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious

5

intention of the General Assembly is not violated by so doing. *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool,* 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson,* 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga,* 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995).

*In re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009).

## IV. Grant of Motion to Dismiss

Mr. Lankford contends that the trial court erred by granting the City's motion to dismiss. In his pleading that commenced this action, Mr. Lankford requested a "property hearing" and raised a "fourth amendment and fourteenth amendment rights violation claim." In its March 7, 2016 order, the trial court construed Mr. Lankford's pleading as a civil claim for conversion. In Mr. Lankford's subsequent pleading filed in response to the City's motion to dismiss and entitled, "Rule 41: Search and Seizure," he attempted to clarify that he was seeking a property hearing pursuant to Tennessee Rules of Criminal Procedure 41(g)(1) and 12(b) "to determine if [his] property was in fact seized illegally by the Hendersonville Police Dept." Following the filing of the State's motion to dismiss, Mr. Lankford filed a pleading entitled, "Clarification of Legal Action – Motion to Proceed." In this pleading, he denied the State's interpretation that he was pursuing a civil action under 42 U.S.C. § 1983,[2] "clarifying" that he was "merely seek[ing] a Property hearing" pursuant to Tennessee Rule of Criminal Procedure 41.

---

[2] 42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

In his pleading filed in response to the trial court's June 7, 2016 order granting him additional time to respond to the City's motion to dismiss, Mr. Lankford for the first time relied upon the forfeiture procedures set forth in Tennessee Code Annotated §§ 40-33-201 through -215 (2012 & Supp. 2017), specifically arguing (1) that his due process rights were violated when the City's police department failed to follow statutory forfeiture procedures and (2) that no statute of limitations could have begun to run without service upon him of a notice of seizure pursuant to Tennessee Code Annotated § 40-33-203(c) and -206. It is this last set of arguments, based upon the forfeiture proceedings provided in Tennessee Code Annotated §§ 40-33-201 through -215, that Mr. Lankford states is his "core argument" on appeal. He also states on appeal, as he did in his response before the trial court, that he is asserting his "fourth, fifth, and fourteenth Amendment rights" under the United States Constitution and Tennessee Constitution.[3]

The trial court in its memorandum opinion and order construed Mr. Lankford's complaint against the City as asserting claims that City police officers had (1) violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution, (2) committed the tort of conversion of his personal property, and (3) been negligent in the handling of and failure to return his personal property. Although Mr. Lankford did not expressly state a claim for conversion or negligence in his pleadings, we recognize that the trial court was attempting to "give effect to the substance, rather than the form or terminology" of Mr. Lankford's *pro se* pleadings. *See Stewart*, 368 S.W.3d at 462. In so construing Mr. Lankford's pleadings, the trial court impliedly found Mr. Lankford's reliance on the Tennessee Rules of Criminal Procedure and certain forfeiture statutes to be unavailing.

Upon careful review, we determine Tennessee Rules of Criminal Procedure 41(g) and 12(b), as well as the civil forfeiture statutes cited by Mr. Lankford, to be inapplicable to the instant action. Furthermore, we conclude that the trial court did not err in finding

---

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[3] Mr. Lankford also insists on appeal that the status of his guilty plea, including the "Forfeiture of Seized Property" within his plea agreement, is in question because he has a post-conviction appeal pending with the Tennessee Court of Criminal Appeals. *See State v. John Pierce Lankford*, No. M2015-00676-CCA-R3-CD, 2016 WL 3402527, at *1 (Tenn. Crim. App. June 14, 2016) (reversing the criminal court's summary denial of Mr. Lankford's post-conviction petition, affirming the criminal court's revocation of Community Corrections, and remanding for further proceedings). Upon our thorough review of the record, including the bases upon which the trial court in this action dismissed Mr. Lankford's complaint, we determine that the outcome of Mr. Lankford's pending post-conviction appeal would have no effect on our analysis of this civil action.

that under the GTLA, the City was immune from suit based on the alleged violation of Mr. Lankford's constitutional rights by acts or omissions of City employees and based on alleged conversion committed by City employees. We also conclude that the trial court did not err in finding that insofar as Mr. Lankford alleged negligence on the part of the City, such a claim was time-barred by the one-year statute of limitations provided in the GTLA. We will address each of these determinations in turn.

## A.  Tennessee Rules of Criminal Procedure 41(g) and 12(b)

When Mr. Lankford attempted to clarify that he was seeking a property hearing pursuant to Tennessee Rule of Criminal Procedure Rule 41(g), he did so after the trial court had in its March 7, 2016 order interpreted his initial pleading as a civil claim for the tort of conversion. If Mr. Lankford had been able to file a viable motion pursuant to Rule 41(g), subject matter jurisdiction over such a motion would have been with the criminal court in which Mr. Lankford was originally charged, not with the civil trial court or with this Court. *See* Tenn. R. Crim. P. 1 ("These rules govern the procedure in all criminal proceedings conducted in all Tennessee courts of record.").

Mr. Lankford's early insistence that his action had been brought under the Rules of Criminal Procedure raises some question as to whether the trial court properly exercised subject matter jurisdiction concerning what it interpreted to be a civil action and consequently, some question concerning whether this Court has subject matter jurisdiction over this appeal. *See* Tenn. R. App. P. 13(b) (explaining that although "[r]eview generally will extend only to those issues presented for review," "[t]he appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ."). However, because we determine that Mr. Lankford was not in a procedural posture to seek relief pursuant to Tennessee Rule of Criminal Procedure 41(g), we further determine that the trial court did not err in continuing to exercise subject matter jurisdiction over what it construed from Mr. Lankford's original pleading to be a civil claim.

Tennessee Rule of Criminal Procedure 41(g)  provides in pertinent part:

(g)     Motion for Return or Suppression of Property.  A person aggrieved by an unlawful or invalid search or seizure may move the court pursuant to Rule 12(b) to suppress any evidence obtained in the unlawful search or seizure.  If property was unlawfully seized, the aggrieved person may move for the return of the property.  The motion shall be granted–except as to the return of contraband–if the evidence in support of the motion shows that:

8

(1) the search or seizure was made illegally without a search warrant or illegally with an invalid search warrant, or in any other way in violation of the constitutional protection against unreasonable searches and seizures; . . . .

Tennessee Rule of Criminal Procedure 12(b) sets forth pretrial motions that, depending on the type of motion, either may be made before the movant's criminal trial or must be made before trial. A "motion to suppress evidence" must be made before a criminal trial. *Id.* at 12(b)(2)(C). If such a motion were successful, the movant would be able to show that the evidence was "unlawfully seized" as required for relief under Tennessee Rule of Criminal Procedure 41(g). *See State v. Rowland*, 520 S.W.3d 542, 547 (Tenn. 2017) (explaining that in contrast to a procedure available under Rule 41(g) of the Federal Rules of Criminal Procedure, Tennessee's "Rule 41(g) as written is not an open-ended vehicle for the return of seized property; it applies only when the seized property is the subject of a successful pretrial motion to suppress.").

When he commenced the instant action more than three years after pleading guilty to charges of assault and aggravated assault, Mr. Lankford was not in a procedural posture to file a pretrial motion under the Tennessee Rules of Criminal Procedure as to the property seized during the criminal investigation leading to the charges. *See Rowland*, 520 S.W.3d at 546 ("By pleading guilty, [the appellant] waived all non-jurisdictional defects in the proceedings, including any issue with the illegality of the search of his house and the seizure of his property."). We determine that Mr. Lankford's early reliance on Tennessee Rules of Criminal Procedure 41(g) and 12(b) was misplaced in this action. The trial court did not err in exercising subject matter jurisdiction over what it construed to be, in substance, a civil claim. *See Stewart*, 368 S.W.3d at 463.

### B. Forfeiture Statutes

Mr. Lankford contends that the trial court erred by declining to find that the City violated his due process rights when it did not follow the procedures set forth in Tennessee Code Annotated §§ 40-33-201 to -215 concerning forfeiture proceedings against personal property in conjunction with specific criminal offenses. The City argues that these forfeiture statutes are not applicable to this action. We agree with the City on this point.

Tennessee Code Annotated § 40-33-201 (Supp. 2017) provides:

All personal property, including conveyances, subject to forfeiture under § 39-14-307, § 47-25-1105, § 53-11-451, § 55-16-104, § 55-50-504(g), § 55-10-414, § 57-3-411, § 57-5-409, § 57-9-201, § 67-4-1020, or § 70-6-202,

9

shall be seized and forfeited in accordance with the procedure set out in this part.

*See* Tenn. Code Ann. § 39-14-307 (2014) (forfeiture of vehicles or property used in the commission of arson); § 47-25-1105 (2013) (forfeiture of property used in the commission of unauthorized use); § 53-11-451 (Supp. 2017) (forfeiture of controlled substances); § 55-16-104 (2017) (forfeiture of abandoned vehicles); § 55-50-504(g) (2017) (forfeiture of vehicle used in commission of driving while privilege cancelled, suspended, or revoked when original offense was driving under the influence); § 55-10-414 (2017) (forfeiture of vehicle used in commission of second or subsequent conviction for driving under the influence); § 57-3-411 (2013) (forfeiture of contraband alcoholic beverages); § 57-5-409 (Supp. 2017) (forfeiture of contraband beer); § 57-9-201 (2013) (forfeiture of vehicles used to transport contraband alcoholic beverages); § 67-4-1020 (2013) (forfeiture of unstamped tobacco products and vehicles used to transport unstamped tobacco products); § 70-6-202 (2012) (forfeiture of property used in the commission of illegal hunting). As this Court has recently noted, the General Assembly has also "enacted legislation explicitly incorporating title 40, chapter 33, part 2 as a basis for the forfeiture of property following the conviction of other crimes not already listed in section 40-33-201." *State v. Tillilie,* No. W2015-00673-COA-R3-CV, 2016 WL 3268728, at *4 (Tenn. Ct. App. June 7, 2016) (citing *State v. Sprunger*, 458 S.W.3d 482, 494 (Tenn. 2015)). These other crimes include sexual crimes against children, *see* Tenn. Code Ann. § 39-17-1008(a) (2014), and certain additional situations when an individual is convicted of driving while his or her privileges were cancelled, *see* Tenn. Code Ann. § 55-50-504(h) (2017). *See Tillilie,* 2016 WL 3268728, at *4.

Upon careful review, we conclude that Mr. Lankford's personal property at issue was not seized under the forfeiture statutes upon which he relies. Assault and aggravated assault are not among the offenses giving rise to forfeiture proceedings under Tennessee Code Annotated §§ 40-33-201 to -215. Moreover, Mr. Lankford's personal property was seized in the course of a criminal investigation and not as a part of a civil forfeiture proceeding. As this Court has explained:

"Seizure" is "[t]he act or instance of taking *possession* of . . . property by legal right." BLACK'S LAW DICTIONARY 1363 (7th ed. 1999) (emphasis added). In this case, for example, [the petitioner's] property was apparently seized in the course of a criminal investigation. In contrast, "civil forfeiture" is "[a]n in rem proceeding brought by the government against property." BLACK'S LAW DICTIONARY 661 (7th Ed. 1999). Property is most often forfeited "to supplement criminal prosecution in deterring drug dealers and drunken drivers," and revenue derived from the disposition of forfeited property is often retained by the seizing agency to fund its law

enforcement efforts. Patricia S. Wall & Lee Sarver, *Asset Forfeiture in Practice: Legislative Reform and Financial Considerations*, 37 TENN. B.J. 24, 25 (Apr. 2001).

*McWhorter v. Selby*, No. M2008-01502-COA-R3-CV, 2009 WL 3754388, at *2 (Tenn. Ct. App. Nov. 9, 2009).

The record contains no indication that *in rem* forfeiture proceedings have been initiated against Mr. Lankford's personal property at issue in this action. Inasmuch as Mr. Lankford's personal property was seized as evidence in a criminal investigation leading to assault and aggravated assault charges against him, his reliance on the procedures set forth in Tennessee Code Annotated §§ 40-33-201 through -215, including the procedure for serving notice of seizure, is misplaced. Mr. Lankford is not entitled to relief based on the forfeiture statutes.

## C. Governmental Tort Liability Act

The GTLA, codified at Tennessee Code Annotated §§ 29-20-201, *et seq.* (2012 & Supp. 2017), governs claims against counties, municipalities, and other local governmental agencies. *See Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). As our Supreme Court has explained regarding the GTLA:

> [T]he Legislature enacted the GTLA, which reaffirmed generally the grant of sovereign immunity provided at common law and in the Tennessee Constitution by stating that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). However, in addition to reaffirming the general grant of immunity, the GTLA also enumerates certain statutory exceptions where governmental immunity is specifically removed. *Id.* § 29-20-202 [through -205] . . . . Furthermore, the GTLA also lists specific types of claims for which immunity is not removed. *Id.* § 29-20-205(2) (immunity not removed for "[f]alse imprisonment . . ., false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights") . . . .

*Young v. City of LaFollette*, 479 S.W.3d 785, 790 (Tenn. 2015) (additional internal citations omitted).

Tennessee Code Annotated § 29-20-205 (2012) states in pertinent part:

Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:

* * *

(2)     False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or <u>civil rights</u> . . . .

(Emphasis added.)

### 1. Alleged Violation of Constitutional Rights

Mr. Lankford asserts that the trial court erred in failing to find that the City violated his procedural due process rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and Article 1, Section 8 of the Tennessee Constitution. The Fourth Amendment to the United States Constitution provides in pertinent part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." Likewise, Article I, Section 7 of the Tennessee Constitution provides in relevant part that "the people shall be secure in their persons, houses, papers, and possessions, from unreasonable searches and seizures . . . ." *See generally State v. Downey*, 945 S.W.2d 102, 105-06 (Tenn. 1997).

The Fifth Amendment to the United States Constitution provides in pertinent part that no person shall "be deprived of life, liberty, or property, without due process of law . . . ." Similarly, Article 1, Section 21 of the Tennessee Constitution states in relevant part "[t]hat no man's particular services shall be demanded, or property taken . . . without the consent of his representatives, or without just compensation being made therefor." As Mr. Lankford notes, Article 1, Section 8 of the Tennessee Constitution further provides "[t]hat no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." The Fourth and Fifth Amendments of the United States Constitution apply to the states by virtue of the Fourteenth Amendment. *See State v. Climer*, 400 S.W.3d 537, 556 (Tenn. 2013); *State v. Simpson*, 968 S.W.2d 776, 779 n.6 (Tenn. 1998) (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961)).

Having determined that Mr. Lankford was not in a procedural posture to petition for return of his seized property through this civil action and that no forfeiture proceeding had been initiated against his personal property at issue, we must conclude, as did the trial court, that Mr. Lankford was asserting a claim against the City for violation of his civil rights under the Fourth, Fifth, and Fourteenth Amendments. However, as noted above, a civil rights claim is not one of the specific types of claims for which governmental immunity has been removed by the GTLA. *See* Tenn. Code Ann. § 29-20-205(2) (explaining in relevant part that governmental immunity is not removed for claims asserting civil rights); *Young v. City of LaFollette*, 479 S.W.3d at 790. The trial court did not err in finding that the City was immune from Mr. Lankford's constitutional claims.[4]

## 2. Claim of Conversion

Construing Mr. Lankford's initial pleading liberally, as the trial court was required to do, the trial court determined that Mr. Lankford had asserted a claim against the City for conversion allegedly committed by City police officers. As this Court has recently explained:

> Conversion is the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights. *Barger v. Webb*, 216 Tenn. 275, 278, 391 S.W.2d 664, 665 (1965); *Lance Prods., Inc. v. Commerce Union Bank*, 764 S.W.2d 207, 211 (Tenn. Ct. App. 1988). Conversion is an intentional tort, and a party seeking to make out a prima facie case of conversion must prove (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. *Kinnard v. Shoney's, Inc.*, 100 F. Supp. 2d 781, 797 (M.D. Tenn. 2000); *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977). "A wrongful intent on the part of the defendant is not an element of conversion and, therefore, need not be proved." *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, No. W2011-00325-COA-R3-CV, 2012 WL 1572130, at *22 (Tenn. Ct. App. May 4, 2012). Rather, a conversion claim focuses on "the interference with a property

---

[4] In *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010), the Sixth Circuit Court of Appeals noted that claims subject to the "civil rights" exception in the GTLA include claims brought under the United States Constitution and 42 U.S.C. § 1983. "Th[e] reference to 'civil rights' [in the GTLA] has been interpreted to include claims arising under the U.S. Constitution and 42 U.S.C. § 1983." *Partee v. City of Memphis*, 449 Fed. Appx. 444, 448, 2011 WL 5865443, at *4 (6th Cir. 2011) (citing *Johnson*, 617 F.3d at 872). Decisions from federal courts, although not controlling authority, can be persuasive authority for this Court. *See, e.g.*, *Riggs v. Burson*, 941 S.W.2d 44, 51 (Tenn. 1997).

owner's right." *Gen. Elec. Credit Corp. of Tenn. v. Kelly & Dearing Aviation*, 765 S.W.2d 750, 754 (Tenn. Ct. App. 1988).

*Knight v. Harris*, No. M2016-00909-COA-R3-CV, 2018 WL 372211, at \*4 (Tenn. Ct. App. Jan. 11, 2018).

In this case, the trial court found that the City could not be held vicariously liable for the alleged intentional actions of its police officers under the GTLA. The trial court relied upon *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352 (Tenn. 2011), in which our Supreme Court held that "the GTLA does not allow plaintiffs to hold governmental entities vicariously liable for intentional torts not exempted under section 29-20-205(2), but rather requires a direct showing [of] negligence on the part of the governmental entity." *Hughes*, 340 S.W.3d at 368 (quoting *Pendleton v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2004-01910-COA-R3-CV, 2005 WL 2138240, at \*3 (Tenn. Ct. App. Sept. 1, 2005)). As the *Hughes* Court explained:

> Whether Metro's immunity is waived, therefore, depends on how we classify the Defendant's [employee's] action. If the Defendant was negligent in his operation of the front-end loader, then Metro's immunity from suit would be removed under both Tennessee Code Annotated sections 29-20-202(a) and 205. If the Defendant committed an assault, however, then neither of those sections would operate to remove immunity, and the Plaintiff's suit may proceed only as to the Defendant.

*Hughes*, 340 S.W.3d 352 at 369. Inasmuch as conversion is an intentional tort, we determine that the trial court properly found that the City, as a governmental entity, was immune from a claim alleging conversion on the part of City police officers.

### 3. Claim of Negligence

The trial court also found that insofar as Mr. Lankford alleged a claim of negligence on the part of the City, his claim was time-barred by the statute of limitations set forth in the GTLA. With regard to any claim of negligence, our Supreme Court has explained:

> In order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause."

14

*Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). Under the GTLA, a claim for negligence against a governmental entity, such as the City in this case, "must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b).

In the case at bar, Mr. Lankford does not dispute that he knew the personal property at issue had been seized within a day of his October 12, 2012 arrest. He states in his reply brief that he attempted to obtain information about his personal property from the seizing officer when he was released on bond on October 13, 2012. Any cause of action for negligence would have arisen when Mr. Lankford had knowledge of the seizure. *See Sutton v. Barnes*, 78 S.W.3d 908, 916 (Tenn. Ct. App. 2002) (holding that "a cause of action 'arises' under the GTLA when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she sustained an injury as a result of the defendant's wrongful conduct."). The trial court did not err in finding that by the time that Mr. Lankford commenced this action on March 2, 2016, any negligence claim he intended to plead against the City was time-barred by Tennessee Code Annotated § 29-20-305(b).

Finally, although not directly addressed by the trial court or the City, we note that Mr. Lankford's negligence claim arose from the same set of facts upon which he claimed that his constitutional rights had been violated. For this reason, the civil rights exception provided in Tennessee Code Annotated § 29-20-205(2) would apply, and the City would retain immunity against the negligence claim as well. *See Jackson v. Thomas*, No. M2010-01242-COA-R3-CV, 2011 WL 1049804, at *7 (Tenn. Ct. App. Mar. 23, 2011) ("Because [the plaintiff's] injuries arise out of claims that her civil rights were violated, the civil rights exception in Tenn. Code Ann. § 29-20-205(2) applies. Therefore, the County retains immunity from such claims and dismissal of these claims was proper.") (citing *Campbell v. Anderson Cty.*, 695 F. Supp. 2d. 764, 778 (E.D. Tenn. 2010)).

V. Conclusion

For the reasons stated above, we affirm the trial court's judgment. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below. The costs on appeal are assessed against the appellant, John Pierce Lankford.

_____
THOMAS R. FRIERSON, II, JUDGE